United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41514
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL TREVINO FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-373-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Raul Trevino Flores appeals his sentence for illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b). Although the Government seeks to dismiss the appeal as barred by the appellate waiver provision in Trevino Flores's plea agreement, we need not decide whether the waiver precludes consideration of the instant appeal as Trevino Flores's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Trevino Flores contends that Almendarez-Torres was incorrectly decided and that a majority of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Trevino Flores properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. His conviction and sentence are AFFIRMED.